# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| BRANDON RUF,<br>Individually and on behalf<br>of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>JORDAN & SKALA ENGINEERS INC.<br><br>*Defendant*. | No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff—Brandon Ruf—brings this action individually and on behalf of all current and former hourly Designers who worked for Defendant—Jordan & Skala Engineers Inc. ("J&S")—at any time from three years preceding the filing of the Original Complaint (hereinafter "Plaintiff and the Putative Collective Members") through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

## I.
## OVERVIEW

1. This lawsuit is a collective action pursuant to the FLSA, 29 U.S.C. §§ 201–19, to recover overtime wages and other applicable penalties.

2. Plaintiff and the Putative Collective Members are those current and former hourly Designers who worked for J&S, anywhere in the United States, at any time from October 31, 2020, through the final disposition of this matter, and were paid by the hour, but did not receive overtime for all hours worked over forty (40) in each workweek.

3. Although Plaintiff and the Putative Collective Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. The decision by J&S not to pay overtime compensation to Plaintiff and the Putative Collective Members for all hours worked in excess for forty (40) hours in a workweek was neither reasonable nor in good faith.

5. J&S knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members overtime of at least one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

6. Plaintiff and the Putative Collective Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7. Plaintiff prays that all similarly situated employees who were paid by the hour, but did not receive overtime for all hours worked over forty (40) in each workweek (Putative Collective Members), be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

8. Plaintiff Brandon Ruf ("Plaintiff" or "Ruf") was employed by J&S within the relevant time period. Plaintiff Ruf did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consent of Brandon Ruf is hereby attached as Exhibit A.

9.  The Putative Collective Members include those current and former hourly Designers, who worked for J&S, anywhere in the United States, at any time since October 31, 2020, and have been subjected to the same illegal pay system under which Plaintiff Ruf worked and was paid.

10. Jordan & Skala Engineers Inc. ("J&S") is a foreign for-profit corporation licensed to and doing business in the State of Texas and may be served through its registered agent for service: **Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78401-4234.**

## III.
## JURISDICTION & VENUE

11. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

12. This Court has personal jurisdiction over Defendant J&S because J&S employed Ruf in Texas.

13. Venue is proper 28 U.S.C. § 1391(b) in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

14. Specifically, Plaintiff Ruf worked for J&S in Houston, Texas, which is located in this District and Division.

## IV.
## ADDITIONAL FACTS

15. Defendant J&S is a leading mechanical, electrical, and plumbing engineering firm with offices located throughout the United States.[2]

16. As part of its services, J&S employed (and continue to employ) numerous hourly Designers for their customers throughout the United States.

---

[2] https://www.jordanskala.com/about-us/.

17. The Designers primarily draft electrical, gas, and water line designs for construction projects.

18. Although J&S paid its Designers by the hour, it failed to pay the Plaintiff and Putative Collective Members overtime compensation for all hours worked in excess of forty (40) hours each workweek.

19. While exact job titles may differ, these Designers were subjected to the same or similar illegal pay practices for similar work.

20. Specifically, the Putative Collective Members job titles include, but are not limited to: Plumbing Designers, Electrical Designers, and Mechanical Designers.

21. Plaintiff Ruf worked for J&S, as a Plumbing Designer, from approximately November 2021 through August 2023.

22. Plaintiff and the Putative Collective Members are (or were) **_non-exempt_** hourly Designers employed by J&S during the relevant time-period.

23. Importantly, none of the FLSA exemptions relieving a covered employer (such as J&S) of the statutory duty to pay its non-exempt employees overtime at a rate of at least one and one-half times their regular rate of pay apply to Plaintiff or the Putative Collective Members.

24. Moreover, Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of J&S resulting in the complained of FLSA violations.

25. Plaintiff and the Putative Collective Members were all paid an hourly wage but were not paid overtime compensation for all hours worked in excess of forty (40) hours in a workweek.

**Failure to Pay Overtime**

26. Plaintiff and the Putative Collective Members' hours were recorded and paid by J&S.

27. Despite knowing when Plaintiff and the Putative Collective Members worked overtime hours, J&S did not pay the Plaintiff and the Putative Collective Members overtime compensation for all hours worked in excess of forty (40) each workweek.

28. Instead, J&S paid some overtime hours at the proper rate and others at a straight time rate.

29. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

30. Plaintiff and the Putative Collective Members regularly worked in excess of forty (40) hours per week but were not paid overtime compensation at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek.

31. J&S knew (and continues to know) the Plaintiff and the Putative Collective Members are entitled to overtime compensation for all hours worked in excess of forty (40) each workweek.

32. Despite knowing the Plaintiff and the Putative Collective Members were entitled to overtime compensation, J&S chose to not pay overtime compensation to the Plaintiff and Putative Collective Members for all for all hours worked in excess of forty (40) hours each workweek.

33. Accordingly, J&S pay policies and practices willfully violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION

**A.**     **FLSA COVERAGE**

34. All previous paragraphs are incorporated as though fully set forth herein.

35. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER HOURLY DESIGNERS WHO WORKED FOR JORDAN & SKALA ENGINEERS INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM OCTOBER 31, 2020, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE PAID A**

**STRAIGHT HOURLY WAGE AND NO OVERTIME. ("FLSA Collective" or "FLSA Collective Members").**

36. At all material times, J&S has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

37. At all material times, J&S has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

38. At all material times, J&S has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

39. During the respective periods of Plaintiff and the FLSA Collective Members' employment by J&S, these individuals provided services for J&S that involved interstate commerce for purposes of the FLSA.

40. Specifically, Plaintiff and the Collective Members provided designs for businesses to use in construction across state lines.

41. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

42. Specifically, Plaintiff and the FLSA Collective Members are (or were) ***non-exempt*** employees who worked for J&S and who assisted customers throughout the United States. 29 U.S.C. § 203(j).

43. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 207.

44. In violating the FLSA, J&S acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

45. The proposed FLSA collective of similarly situated employees, i.e. Putative Collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 41.

46. The precise size and identity of the proposed FLSA collective should be ascertainable from the business records, tax records, and/or employee or personnel records of J&S.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

47. All previous paragraphs are incorporated as though fully set forth herein.

48. J&S violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

49. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of J&S's acts or omissions as described herein; though J&S is in possession and control of necessary documents and information from which Plaintiff and the FLSA Collective Members would be able to precisely calculate damages.

50. Moreover, J&S knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

51. J&S knew or should have known their pay practices were in violation of the FLSA.

52. J&S is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

53. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted J&S to pay overtime in accordance with the law.

54. The decision and practice by J&S to not pay overtime was neither reasonable nor in good faith.

55. Accordingly, Plaintiff and the Putative Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.    COLLECTIVE ACTION ALLEGATIONS**

56. All previous paragraphs are incorporated as though fully set forth herein.

57. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

58. Other similarly situated employees have been victimized by J&S's patterns, practices, and policies, which are in willful violation of the FLSA.

59. The FLSA Collective Members are defined in Paragraph 41.

60. J&S's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required from the FLSA, results from generally applicable policies and

practices of J&S and does not depend on the personal circumstances of Plaintiff or the individual FLSA Collective Members.

61. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

62. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

63. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

64. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

65. J&S has employed a substantial number of similarly situated employees across the United States since October 31, 2020.

66. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and J&S will retain the proceeds of its violations.

67. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

68. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 41 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

69. Plaintiff Ruf respectfully prays for judgment against J&S as follows:

   a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 41 and requiring

J&S, to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

  b. For an Order approving the form and content of a notice to be sent to all FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

  c. For an Order pursuant to Section 16(b) of the FLSA finding J&S liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

  d. For an Order awarding the costs and expenses of this action;

  e. For an Order awarding attorneys' fees;

  f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

  g. For an Order awarding Plaintiff Ruf a service award, as permitted by law;

  h. For an Order compelling the accounting of the books and records of J&S at J&S's own expense; and

  i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: November 7, 2023					Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:	/s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiff and the Putative Collective Members*